# EXHIBIT A



# Track & Confirm

**Current Status**

You entered 7003 0500 0001 6546 8623

Your item was delivered at 9:39 am on August 06, 2004 in GREEN BAY, WI 54313.

**Notification Options**

▸ Track & Confirm by email    What is this?    

**Track & Confirm**

Enter label number:

Track & Confirm FAQs

 POSTAL INSPECTORS
Preserving the Trust

site map   contact us   government services
Copyright © 1999-2002 USPS. All Rights Reserved. Terms of Use  Privacy Policy

http://trkcnfrm1.smi.usps.com/netdata-cgi/db2www/cbd_243.d2w/output

RECEIVED
AUG 06 2004

**ROVNER, ALLEN, ROVNER, ZIMMERMAN, LUKOMSKI and WOLF**
By: Cheryl B. Wolf, Esquire
411 Route 70 East - Suite 210
Cherry Hill, NJ  08034-2414
(856) 795-5111
<u>Attorneys for Plaintiff(s)</u>

| | |
|---|---|
| Tatiana Enright and Victor Kabachnik, h/w<br><br>vs.                              Plaintiff(s)<br><br>John Doe and Schnneider<br>National Carriers, Inc.<br><br>                                      Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MIDDLESEX COUNTY<br><br>Docket No. MID-L-005110-04<br><br>CIVIL ACTION<br>**SUMMONS** |

From the State of New Jersey
To The Defendant(s) Named Above:     **Schneider National Carriers, Inc.**

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within thirty-five (35) days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with a fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within thirty-five (35) days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have any attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

DATED: July 12, 2004

                                                                                                 DONALD F. PHELAN
                                                                                                  Superior Court Clerk

Name of Defendant to be Served:     Schneider National Carriers, Inc.

Address of the Defendant to be Served:     3101 South Packerland Drive
                                                                     Green Bay, WI  54313-6187

RECEIVED
AUG 06 2004

**ROVNER, ALLEN, ROVNER, ZIMMERMAN, LUKOMSKI and WOLF**
By: Cheryl B. Wolf, Esquire
411 Route 70 East - Suite 210
Cherry Hill, NJ  08034-2414
(856) 795-5111
**Attorneys for Plaintiff(s)**

| | |
|---|---|
| Tatiana Enright and Victor Kabachnik, h/w<br><br>vs.                                          Plaintiff(s)<br><br>John Doe and Schnneider<br>National Carriers, Inc.<br><br>                                              Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MIDDLESEX COUNTY<br><br>Docket No. MID-L-005110-04<br><br>CIVIL ACTION<br>**SUMMONS** |

From the State of New Jersey
To The Defendant(s) Named Above:        **John Doe, c/o Schneider National Carriers, Inc.**

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within thirty-five (35) days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with a fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within thirty-five (35) days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have any attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

DATED: July 12, 2004

                                                                                                                            DONALD F. PHELAN
                                                                                                         Superior Court Clerk

Name of Defendant to be Served:        John Doe
                                                               c/o Schneider National Carriers, Inc.
Address of the Defendant to be Served:  3101 South Packerland Drive
                                                               Green Bay, WI   54313-6187

ROVNER, ALLEN, ROVNER, ZIMMERMAN, LUKOMSKI and WOLF
By: Cheryl B. Wolf, Esquire
411 Route 70 East, Suite 210
Cherry Hill, NJ  08034-2414
(856) 795-5111
Attorneys for Plaintiffs

| | |
|---|---|
| Tatiana Enright and Victor Kabachnik, h/w<br>41 Eaton Court<br>Newtown, PA  18940-1654<br><br>       Plaintiffs<br>vs.<br><br>John Doe<br>c/o Schneider National Carriers, Inc.<br>3101 South Packerland Drive<br>Green Bay, WI  54313-6187<br><br>       and<br><br>Schneider National Carriers, Inc.,<br>a/k/a Schneider Carrier Services<br>3101 South Packerland Drive<br>Green Bay, WI  54313-6187<br><br>       Defendants | Superior Court of New Jersey<br>Law Division - Middlesex County<br>Docket No. L 5110-04<br>**Complaint** |

Plaintiffs, Tatiana Enright and Victor Kabachnik, by way of Complaint against defendants, say:

1. Plaintiffs, Tatiana Enright and Victor Kabachnik, are wife and husband and adult individuals residing at 41 Eaton Court, Newtown, Pennsylvania.

2. Defendant, John Doe, is an adult individual with an address in care of Schneider National Carriers, Inc., 3101 South Packerland Drive, Green Bay, Wisconsin.

3. Defendant, Schneider National Carriers, Inc., a/k/a Schneider Carrier Services, is a business, company, franchise, entity, partnership, fictitious name, proprietorship or corporation, with a principal place of business at 3101 South Packerland Drive, Green Bay, Wisconsin. At all times relevant hereto, defendant conducted business within the state of New Jersey.

4. At all times relevant and material to this Complaint, defendant, John Doe, was the agent, servant, workman, employee and/or representative of defendant, Schneider National Carriers, Inc., and was acting within the course and scope of said employment and/or agency, and/or was acting for a common purpose or on a joint venture.

5. At all times relevant and material to this Complaint, defendants did act through their agents, servants, workmen, employees and/or representatives, said individuals acting within the course and scope of their employment and/or agency.

6. At all times material to this Complaint, each of the defendants was an agent, servant, workman, employee and/or representative of the other and was acting within the course and scope of said employment and/or agency and/or was acting for a common purpose or on a joint venture.

7. On or about July 24, 2003, at or about 6:40 p.m., plaintiff, Tatiana Enright, was the operator of a motor vehicle owned by plaintiffs, Tatiana Enright and/or Victor Kabachnik, jointly and/or severally, and which was lawfully traveling in a north bound direction in the right lane of the New Jersey Turnpike, New Brunswick, Middlesex County, New Jersey.

8. At said time and place, defendant, John Doe, was the operator of a motor vehicle owned by defendant, Schneider National Carriers, Inc., which was traveling in a north bound direction, in the center lane, approaching the aforesaid location, when, suddenly and without warning, defendant changed lanes from the center lane to the right lane and, in an effort to avoid contact, plaintiff sharply turned wheel to the right causing plaintiff's vehicle to run off the road and strike a tree, causing plaintiff to suffer severe and grievous injuries.

9. This accident resulted solely from the negligence and carelessness of defendants herein, jointly and/or severally, and was due in no manner whatsoever to any act or failure to act on the part of plaintiffs.

10. At the time of the accident, defendant was operating a tractor trailer which further, was not registered in the state of New Jersey. Therefore, the verbal threshold does not apply.

### COUNT I

### Tatiana Enright vs. John Doe

11. Plaintiff, Tatiana Enright, hereby incorporates herein by reference thereto paragraphs one through ten, inclusive, as though the same were set forth herein at length.

12. The negligence and carelessness of defendant, John Doe, consisted of the following:

   (a) failing to properly operate and control said motor vehicle;

   (b) driving at an excessive and unsafe rate of speed under the circumstances;

   (c) failing to maintain a proper and adequate lookout;

2

(d) failing to give proper and sufficient warning of the approach of said motor vehicle;

(e) failing to yield right of way;

(f) failing to regard the rights, safety and position of plaintiff at the point aforesaid;

(g) failing to observe plaintiff in a lawful position upon the highway;

(h) failing to observe and follow traffic lanes, patterns and conditions.

(i) causing a vehicular collision;

(j) failing to properly and adequately maintain said motor vehicle;

(k) violations of the Ordinances of Middlesex County and the Statutes of the State of New Jersey governing the operation of motor vehicles on the streets and highways;

(l) operating said motor vehicle recklessly in violation of New Jersey Motor Vehicle Code;

(m) negligence per se; and

(n) such other acts of negligence as shall be revealed in the course of discovery.

## COUNT II

### Tatiana Enright vs. Schneider National Carriers, Inc.

13. Plaintiff, Tatiana Enright, hereby incorporates herein by reference thereto paragraphs one through twelve, inclusive, as though the same were set forth herein at length.

14. The negligence and carelessness of defendant, Schneider National Carriers, Inc., consisted of the following:

(a) negligently entrusting the aforesaid motor vehicle to defendant, John Doe;

(b) failure to properly and adequately supervise and/or train said agent, servant, workman, employee and/or representative, in particular, defendant, John Doe;

(c) failure to act with due care and regard for the position and safety of others, in particular, plaintiff;

(d) failure to properly supervise the operation and control of said motor vehicle;

3

(e) failure to properly and adequately maintain said motor vehicle;

(f) such acts of negligence and carelessness as of defendant, John Doe, which are imputed to defendant, Schneider National Carriers, Inc., as a result of the fact that defendant, John Doe, was, at all times material hereto, the agent, servant, workman, employee and/or representative of said defendant and was acting within the course and scope of said employment and/or agency, and/or was acting for a common purpose or on a joint venture;

(g) negligence per se; and

(h) such other acts of negligence as shall be revealed in the course of discovery.

### COUNT III

### Tatiana Enright vs. John Doe and Schneider National Carriers

15. Plaintiff, Tatiana Enright, hereby incorporates herein by reference thereto paragraphs one through fourteen, inclusive, as though the same were set forth herein at length.

16. As a direct and proximate result of the aforesaid negligence of defendants, John Doe and/or Schneider National Carriers, Inc., jointly and/or severally, plaintiff has suffered injuries which are or may be serious and permanent, has incurred and in the future will incur expenses for the treatment of her injuries, has been disabled and in the future will be disabled and not able to perform her usual functions, and has and in the future will be caused great pain and suffering, to her great loss and damage.

17. Alternatively, as a direct and proximate result of the aforesaid negligence of defendants herein, jointly and/or severally, plaintiff has sustained a personal injury resulting in permanent loss of use of a body organ member, function, or system; permanent consequential limitation of use of a body organ, or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevented plaintiff from performing substantially all of the material acts which constitute her usual and customary daily activities.

18. As a further result of this accident, plaintiff has had to receive and undergo medical attention and care for her injuries, and to incur various expenses for said care, and she may be obligated to continue to expend such sums and to incur such expenses for an indefinite time in the future.

19. As a further result of this accident, plaintiff has suffered an injury which may be in full or part a cosmetic disfigurement which is or may be permanent, irreparable, or severe.

20. As a further result of this accident, plaintiff has suffered actual loss of her gross income.

21. As a further result of this accident, plaintiff has or may suffer impairment of her earning capacity and power.

22. As a further result of the accident aforementioned, plaintiff has suffered physical pain, aches, mental anguish, and humiliation, inconveniences and loss of life's pleasures, and she may continue to suffer the same for an indefinite time in the future.

**WHEREFORE**, plaintiff, Tatiana Enright, demands damages of defendants, John Doe and/or Schneider National Carriers, Inc., jointly and/or severally, for damages, interest, costs and attorneys fees.

## COUNT IV

### Victor Kabachnik vs. John Doe and Schneider National Carriers, Inc.

23. Plaintiff, Victor Kabachnik, hereby incorporates herein by reference thereto paragraphs one through twenty-two, inclusive, as though the same were set forth herein at length.

24. As a result of this accident, plaintiff, Victor Kabachnik, has and may continue to suffer the loss of the services, support and consortium of his spouse, plaintiff, Tatiana Enright.

**WHEREFORE**, plaintiff, Victor Kabachnik, demands damages of defendants, John Doe and/or Schneider National Carriers, Inc., jointly and/or severally, for damages, interest, costs and attorneys fees.

## COUNT V

### Victor Kabachnik vs. John Doe and Schneider National Carriers, Inc.

25. Plaintiff, Victor Kabachnik, hereby incorporates herein by reference thereto paragraphs one through twenty-four, inclusive, as though the same were set forth herein at length.

26. As a further result of this accident, plaintiff, Victor Kabachnik, has or may be obligated to incur various expenses for the medical attention and care required of his spouse, plaintiff, Tatiana Enright, and he may be obligated to continue to expend such sums and to incur such expenses for an indefinite period of time in the future.

27. As a direct and reasonable result of the accident, plaintiff, Victor Kabachnik, has or may in the future incur other financial expenses or losses on behalf of his spouse, plaintiff, Tatiana Enright, to which she may otherwise be entitled to recover.

**WHEREFORE**, plaintiff, Victor Kabachnik, demands damages of defendants, John Doe and/or Schneider National Carriers, Inc., jointly and/or severally, for damages, interest, costs and attorneys fees.

### COUNT VI

### Tatiana Enright and Victor Kabachnik vs. John Doe and Schneider National Carriers, Inc.

28. Plaintiffs, Tatiana Enright and Victor Kabachnik, hereby incorporate herein by reference thereto paragraphs one through twenty-seven, inclusive, as though the same were set forth herein at length.

29. As the direct result of the aforesaid accident, the 2000 Nissan Maxima motor vehicle operated by plaintiff, Tatiana Enright, and owned by plaintiffs, Victor Kabachnik and/or Tatiana Enright, jointly and/or severally, was caused to sustain damage and plaintiffs to suffer damages as a result.

**WHEREFORE**, plaintiffs, Tatiana Enright and Victor Kabachnik, demand damages of defendants, John Doe and/or Schneider National Carriers, Inc., jointly and/or severally, for damages, interest, costs and attorneys fees.

ROVNER, ALLEN, ROVNER, ZIMMERMAN, LUKOMSKI and WOLF

By _____
Cheryl B. Wolf
Attorneys for Plaintiffs

The undersigned pursuant to Rule 4:25-4 is designated trial counsel.

_____
Cheryl B. Wolf, Esquire

Trial by jury is hereby demanded.

_____
Cheryl B. Wolf, Esquire

6

## CERTIFICATION

This is to certify that this matter is not the subject of any other pending action in any Court, or of any pending Arbitration proceeding, or other action of Arbitration proceeding currently, nor is one contemplated. Further, to the best of the undersigned's knowledge, there are no other parties who should be joined in this action.

Dated: 6/21/04

_____
Cheryl B. Wolf, Esquire

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division – Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.

**FOR USE BY CLERK'S OFFICE ONLY**
PAYMENT TYPE: ☐ CK  ☐ CG  ☐ CA
CHG/CK NO.:
AMOUNT:
OVERPAYMENT:
BATCH NUMBER:

| Field | Value |
|---|---|
| ATTORNEY/PRO SE NAME | Cheryl B. Wolf, Esquire |
| TELEPHONE NUMBER | (856) 795-2414 |
| COUNTY OF VENUE | MIDDLESEX |
| FIRM NAME | Rovner, Allen, Rovner, Zimmerman, Lukomski and Wolf |
| DOCKET NUMBER (When available) | L 5110-04 |
| OFFICE ADDRESS | 411 Route 70 East, Suite 210, Cherry Hill, NJ 08034-2414 |
| DOCUMENT TYPE | COMPLAINT |
| JURY DEMAND | ☑ YES  ☐ NO |

NAME OF PARTY: Tatiana Enright and Victor Kabachnik, h/w, plaintiffs

CAPTION: Enright/Kabachnik vs. John Doe and Schneider National Carriers, Inc.

CASE TYPE NUMBER: 605

IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES  ☑ NO
IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

RELATED CASES PENDING? ☐ YES  ☑ NO
IF YES, LIST DOCKET NUMBERS:

DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☑ YES  ☐ NO

NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN: NS Insurance
☐ NONE  ☐ UNKNOWN

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

A. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES  ☑ NO
IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER-EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain)  ☐ FAMILIAL  ☐ BUSINESS

B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES  ☑ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

Motor vehicle accident involving personal injuries and property damage.

DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES  ☑ NO
IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION:

WILL AN INTERPRETER BE NEEDED? ☐ YES  ☑ NO
IF YES, FOR WHAT LANGUAGE:

ATTORNEY SIGNATURE: /s/ Cheryl B. Wolf

Revised effective 3/1/04

MIDDLESEX COUNTY SUPERIOR COURT
P O BOX 2633
1 JFK SQUARE
NEW BRUNSWICK    NJ 08903

COURT TELEPHONE NO. (732) 981-3301          TRACK ASSIGNMENT NOTICE
COURT HOURS

DATE:   JULY 15, 2004
RE:     ENRIGHT TATIANA VS SCHNEIDER NATIONAL CARRIERS INC
DOCKET: MID L -005110 04

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON ALEXANDER P. WAUGH

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    001
AT:   (732) 981-3301

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE WITH R.4:5A-2.

ATTENTION:

ATT: CHERYL B. WOLF
ROVNER ALLEN ROVNER ZIMMERMAN&
411 ROUTE 70 EAST
SUITE 210
CHERRY HILL    NJ 08034

JUBBR1

# EXHIBIT B

# NEW JERSEY POLICE ACCIDENT REPORT

PAGE 1 OF 2 — ☒ REPORTABLE ☐ NON-REPORTABLE — 4458

**43 CASE NUMBER:** D02003-013A
**ACCIDENT OCCURRED ON:** NJTP S/A
**Route:** -95X-418-

**44 POLICE DEPARTMENT OF:** STATE POLICE   CODE: 12
**45 STATION/PRECINCT:** Moorestown

**46 DATE OF COLLISION:** 07/24/03 (Th)
**48 TIME:** 1838
**49 MUNICIPALITY CODE:** 0338
**50 TOTAL KILLED:** —
**51 TOTAL INJURED:** 01
**RAMP?:** ☒ NO

**VEH NO. 1 — 65 POLICY NO.:** 5-2867-F24-305   **66 INS. CODE:** 962

**67 DRIVER'S FIRST NAME:** Tatiana   **LAST NAME:** Enright
**68 NUMBER AND STREET:** 7 Denise Dr
**69 CITY:** Jackson   **STATE:** NJ   **ZIP:** 08527   **EXPIRES:** 9/03
**70 DRIVER'S LICENSE NUMBER:** E5968 173200 156603   **71 STATE:** NJ   **72 DOB:** 6/15/60   **73 EYES:** 3   **74 SEX:** F

**75 OWNER:** ☒ SAME AS DRIVER

**78 MAKE AND MODEL:** Nissan Maxima   **COLOR:** WHT   **79 YEAR:** 00   **80 PLATE NO.:** DAZ11P   **81 STATE:** NJ
**82 VIN NUMBER:** JN1CA31D6YT508869

**83 VEHICLE REMOVED TO:** A10 #209 Johnsons Towing   ☒ TOWED   AUTHORITY: 2 DRIVER

**86 POSTED SPEED:** 65

**114 ACCIDENT DESCRIPTION:** Driver #1 stated to the officer I was in the right lane and there was a truck moving into my lane. I didn't have a chance so I swerved off the road. I guess he didn't see me.

**115 DAMAGE TO OTHER PROPERTY:** Landscape NJTP SH 18 New Brunswick, NJ

**119 BADGE NUMBER:** 5932   **120 REVIEWED BY BADGE NUMBER:** 4134   **121 STATUS:** ☒ COMPLETE

**NAMES & ADDRESSES OF OCCUPANTS:**
A: 1 1 3 1 43 F 0,2 4 0,4 0,4 5303 Tatiana Enright 7 Denise Dr. Jackson NJ 08527

NJTR-1 (R 6/01)   **RECORD BUREAU COPY**

AUG-12-2004 THU 11:34 AM INS INSURANCE          FAX NO. 9205923003          P. 03/04
Case 2:04-cv-04178-JCL-MF   Document 1-1   Filed 08/27/04   Page 16 of 16 PageID: 21

PAGE 2 OF 2

| STATE OF NEW JERSEY MOTOR VEHICLE ACCIDENT DESCRIPTION | Police Agency STATE POLICE  Station MOORESTOWN   Case No. D02003-813A |

### 103 Accident Description (Refer to vehicle by number)

| | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | NAMES-ADDRESSES OF OCCUPANTS IF DECEASED ALSO INCLUDE DATE & TIME OF DEATH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | | | | | | | | | | | | |
| B | | | | | | | | | | | | |
| C | | | | | | | | | | | | |
| D | | | | | | | | | | | | |
| E | | | | | | | | | | | | |

INVESTIGATION REVEALED: Vehicle #1 was traveling in right lane of NJTP Northbound when Vehicle X changed lanes from the center to right. To Avoid vehicle contact Driver #1 made an evasive move by sharply turning wheel to the Right. The evasive move caused the Vehicle #1 to run off the Road and strike a tree.

Block# 28: OTHER CIRCUMSTANCES was lane change of Vehicle X and evasive move by Driver #1.

VEHICLE X INFORMATION:
Schnider National Carriers Inc
2002 Kenworth TR   A37904/NY
POLICY # AT2-741-002093-33
CODE: 23043
PHONE: 1-800-558-1149

Officer's Signature    5932    Badge Number

NJTR-1A (R1/96)